**Electronically Filed
Supreme Court
SCAP-22-0000601
11-SEP-2025
10:09 AM
Dkt. 28 OP**

SCAP-22-0000601

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

UNITE HERE! LOCAL 5, Plaintiff-Appellant,

vs.

PACREP LLC; CITY AND COUNTY OF HONOLULU,
a municipal corporation, Defendants-Appellees.
(CAAP-22-0000601; CIV. NO. 1CC131000047)
-----------------------------------------------------------------
UNITE HERE! LOCAL 5, Plaintiff-Appellant,

vs.

PACREP 2 LLC; CITY AND COUNTY OF HONOLULU,
a municipal corporation, Defendants-Appellees.
(CAAP-22-0000602; CIV. NO. 1CC141000753)

_____

APPEALS FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CAAP-22-0000601 and CAAP-22-0000602 (consolidated);
CIV. NOS. 1CC131000047 and 1CC141000753 (consolidated))

SEPTEMBER 11, 2025

RECKTENWALD, C.J., McKENNA, EDDINS, GINOZA, AND DEVENS, JJ.,

OPINION OF THE COURT BY McKENNA, J.

1

## I.    Introduction

This opinion addresses Unite Here! Local 5's ("Local 5") March 18, 2025 motion for attorney fees and costs.  The motion follows this court's February 21, 2025 opinion in Unite Here! Local 5 v. PACREP LLC ("PACREP"), No. SCAP-22-0000601, 2025 WL 573299 (Haw. Feb. 21, 2025).  Local 5 seeks to recover fees and costs incurred on appeal pursuant to the private attorney general ("PAG") doctrine and/or Hawai'i Revised Statutes ("HRS") § 607-25 (2016).  Local 5 requests costs based on Rule 39 of the Hawai'i Rules of Appellate Procedure.

The City and County of Honolulu ("City") and PACREP LLC and PACREP 2 LLC ("PACREP") filed oppositions to the motion.

For the reasons discussed below, we award Local 5 the requested $112,721.10, consisting of $100,774.65 in attorneys' fees; $5,692.50 in fees to prepare this motion; $5,016.73 in general excise tax; and $1,237.22 in costs, but as against PACREP only, and not against the City.

## II. Background

The facts and background of this case are detailed in PACREP, 2025 WL 573299.  To summarize, in 2014, Local 5 initiated two lawsuits in the Circuit Court of the First Circuit ("circuit court") against PACREP LLC and PACREP 2 LLC, developers of the two towers constituting the Ritz-Carlton

2

Residences at 2121 and 2139 Kūhiō Avenue (sometimes, separately, "2121" and "2139," and sometimes, collectively, "the Projects"). PACREP, 2025 WL 573299, at *1-2. The two towers are in Waikīkī and are connected with a floating podium for "shared resident services, recreational amenities, vehicular access, and off-street parking." PACREP, 2025 WL 573299 at *2.

Local 5 challenged the adequacy of the separate final environmental assessments ("FEA") for the two towers under HRS chapter 343 (2010), the Hawai'i Environmental Policy Act and Hawai'i Administrative Rules ("HAR") chapter 11-200 (eff. 1996) (repealed 2019 and replaced by chapter 11-200.1) (collectively, "HEPA"). Id.

In the second lawsuit regarding 2139, Local 5 also alleged improper segmentation of the environmental review process. PACREP, 2025 WL 573299, at *2. In both lawsuits, Local 5 also named the City, as its Department of Planning and Permitting ("DPP") was the accepting agent for the FEAs for 2121 and 2139 and issued findings of no significant impact ("FONSI") for both towers. PACREP, 2025 WL 573299, at *1.

The complaints were consolidated. PACREP, 2025 WL 573299, at *2. In 2016, Local 5 filed essentially identical motions for summary judgment ("MSJ") alleging unlawful segmentation. PACREP, 2025 WL 573299, at *10. PACREP also filed two motions for summary judgment as to the FEAs for 2121 and 2139, making

3

nearly identical arguments, that (1) the FEAs were legally sufficient; (2) DPP's decisions that the towers' building heights and orientation were not likely to significantly affect the environment or "substantially affect scenic vistas and view planes" were not arbitrary and capricious; (3) DPP rightfully "exercise[d] its legislatively granted discretion" in finding EISs were not required; and (4) there was no improper segmentation of the 2121 and 2139 FEAs due to the timeline of the Projects.  PACREP, 2025 WL 573299, at *8-9.  The City joined PACREP's motions.  PACREP, 2025 WL 573299, at *10.

PACREP then also filed a supplemental MSJ based on mootness, asserting no justiciable controversy existed and no effective relief could be granted.  PACREP, 2025 WL 573299, at *11.  PACREP argued that because the Projects had been built and sold to third parties, the court could not grant relief as an additional EIS would serve no purpose.  Id.

The circuit court ruled in favor of PACREP (and the City) on all the motions.  Id.

We granted a transfer of Local 5's appeal.  Id.

We held that (1) the cases were not moot because effective relief in the form of proper environmental review could still be granted and, in any event, the public interest exception applies; and (2) there was improper segmentation of

4

environmental review of the two towers under the double independent utility test.  PACREP, 2025 WL 573299, at *2.

We also held that the appropriate remedy for a HEPA violation is a matter of equitable discretion that does not require invalidation of permits and destruction of completed projects.  Id.  We further held that whether a challenger moved for injunctive relief after filing a lawsuit alleging HEPA violations is a factor that can be considered in determining an appropriate remedy if a court finds a HEPA violation after a project's completion.  Id.

Hence, we ordered that the case be remanded to the circuit court to address whether, under the rule of reason, the FEAs for 2121 and 2139 were sufficient in addressing the environmental effects of the Projects as one combined project and, if not, for the circuit court to determine whether a new environmental assessment ("EA") or environmental impact statement ("EIS") addressing the Projects must be prepared.  Id.

The instant fees and costs motion followed.

### III. Discussion

**A.  Local 5's request based on HRS § 607-25(e)(1) is premature and is not allowed against the City**

Local 5 bases its fees motion on the common law PAG doctrine as well as HRS § 607-25(e)(1) (2016).  We address the statute first.

5

With respect to Local 5's claim for fees and costs, the statute does not provide a basis for an award as it has yet to be determined whether PACREP has "obtain[ed] all . . . approvals required by law from government agencies[.]"  The statute provides:

> (e)  In any civil action in this State where a private party sues for injunctive relief against another private party who has been or is undertaking any development without obtaining all permits or approvals required by law from government agencies:
>> (1)  The court may award reasonable attorneys' fees and costs of the suit to the prevailing party[.]

HRS § 607-25(e)(1).

The statute applies only when it has been determined that a private party has undertaken a development without obtaining required approvals.  But we have ordered a remand for the circuit court to determine whether the FEAs for 2121 and 2139 were sufficient and, if not, for the circuit court to further determine whether a new EA or EIS must be prepared.  So assuming an approved EA or EIS is a required approval under the statute, Local 5's request based on this statute is premature.

Further, a claim based on HRS § 607-25(e)(1) can only be made against a private party, such as PACREP.  The statute does not authorize the taxation of fees and costs against a governmental entity, such as the City.

We therefore turn to whether Local 5 is entitled to fees based on the PAG doctrine.

6

**B.  Local 5 is entitled to reasonable attorney fees against PACREP based on the PAG doctrine**

**1.  Local 5 has prevailed**

A threshold requirement for any fee award under the PAG doctrine is that the requesting party must be a prevailing party.  See Kaleikini v. Yoshioka, 129 Hawaiʻi 454, 460, 304 P.3d 252, 258 (2013).  A party is deemed to have prevailed where that party prevails on the disputed main issue, even though not to the extent of the party's original contention.  Id.

Local 5 has prevailed on the main disputed issues on appeal: whether the case was moot and whether PACREP had violated HEPA through improper segmentation of 2121 and 2139.

**2.  The PAG doctrine is satisfied**

The three "basic factors" in determining whether the PAG doctrine applies are: "(1) the strength or societal importance of the public policy vindicated by the litigation, (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff, [and] (3) the number of people standing to benefit from the decision."  Sierra Club v. Dep't of Transp., 120 Hawaiʻi 181, 218, 202 P.3d 1226, 1263 (2009) ("Superferry II") (cleaned up).

First, the nature of the case and its impact on environmental enforcement satisfies the first PAG doctrine factor of vindicating an important public policy.  This court

re-emphasized HEPA as an integral law relating to environmental quality protecting our Article XI, Section 9 right to a clean and healthful environment.  We applied the public interest exception to the mootness doctrine.  For the first time, we adopted the double independent utility test for addressing improper segmentation of environmental review.  We further set out that the appropriate remedy for a HEPA violation is a matter of equitable discretion that does not require invalidation of permits and destruction of completed projects -- in other words, HEPA relief is available even after a project's completion -- and whether a challenger moved for injunctive relief after filing a lawsuit alleging HEPA violations can be considered in determining an appropriate remedy, if a project has been completed.

Second, there was a clear need for private enforcement in this case.  If Local 5 had not pursued these cases and the appeal, PACREP's deceptive and improper segmentation of environmental review would not have been addressed.  Local 5 incurred significant expense to pursue the proper application of HEPA.

Third, in this case important legal principles were established regarding HEPA and related regulations that benefit many in our state.

3. **It is equitable to impose fees against PACREP based on the PAG doctrine but not against the City**

Local 5 seeks fees against both PACREP and the City. But the PAG doctrine is an equitable rule that allows courts in their discretion to award fees to plaintiffs who have vindicated important public rights. Superferry II, 120 Hawai'i at 218, 202 P.3d at 1263. Here, improper segmentation of environmental review occurred because PACREP intentionally hid its plans for 2139, including from its own environmental review consultants, as well as the City. See PACREP, 2025 WL 573299, at *21. Therefore, it is equitable to impose fees pursuant to the PAG doctrine against PACREP, but not the City.

4. **Reasonableness of requested fees and costs**

Local 5 requests attorney fees of $100,774.65, $5,692.50 in fees to prepare this motion, general excise tax of $5,016.73, and costs of $1,237.22, totaling $112,721.10. Local 5's fees request is based on the lodestar method and appendices are attached indicating the reasons for the time spent and nature of the charges and costs.

PACREP's opposition does not challenge the amounts requested. And our review of the requested fees and costs indicates they are reasonable.

## IV. Conclusion

Based on the above, Local 5's motion is granted to the extent it is awarded attorney fees of $100,774.65, $5,692.50 in fees to prepare this motion, general excise tax of $5,016.73, and costs of $1,237.22, totaling $112,721.10, against PACREP only.

| | |
|---|---|
| Gregory W. Kugle and Clint K. Hamada for plaintiff-appellant | /s/ Mark E. Recktenwald |
| | /s/ Sabrina S. McKenna |
| Terence J. O'Toole, Sharon V. Lovejoy, and Maile S. Miller, for defendant-appellee PACREP | /s/ Todd W. Eddins |
| | /s/ Lisa M. Ginoza |
| | /s/ Vladimir P. Devens |
| Brad T. Saito, for defendant-appellee City and County of Honolulu | |

